IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02528-BNB

DERRICK SCOTT,
Applicant,

v.

J. M. WILNER,
Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 07 2008

GREGORY C. LANGHAM
CLERK

---

### ORDER OF DISMISSAL

---

Applicant Derrick Scott is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution at Florence, Colorado. Mr. Scott initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 17, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Scott to show cause why the application should not be denied for failure to exhaust administrative remedies. On January 7, 2007, Mr. Scott filed his response to Magistrate Judge Boland's show cause order.

The Court must construe the application and response to Magistrate Judge Boland's show cause order liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Scott is challenging the calculation of his federal sentence in this action. He contends that he is entitled to credit against his federal sentence for the time he spent in state custody prior to entering a guilty plea and being sentenced in a state court criminal case. Mr. Scott asserts that the time in question has not been credited to his federal sentence. It is not clear whether the time in question was credited against his state sentence.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Scott concedes that he has not exhausted administrative remedies prior to seeking habeas corpus relief in this action in this Court. However, he argues that the exhaustion requirement should be excused because exhaustion of administrative remedies would be futile. Mr. Scott specifically argues that exhaustion would be futile because he is entitled to be released immediately if his claim in this action is successful. He also argues that the exhaustion requirement should be waived because exhausting administrative remedies takes a significant amount of time and could lead to irreparable injury if he is forced to serve more time in prison than he should.

Mr. Scott is correct that the exhaustion requirement may be waived if exhaustion would be futile. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). However, he fails to convince the Court that exhaustion of administrative remedies would be futile based on the possibility of an immediate release.

Mr. Scott primarily relies on four district court cases in support of his argument that exhausting administrative remedies is futile because he is entitled to immediate release. *See Pimentel v. Gonzales*, 367 F. Supp.2d 365 (E.D.N.Y. 2005); *Buggs v.*

2

*Crabtree*, 32 F. Supp.2d 1215 (D. Or. 1998); *Hines v. Crabtree*, 935 F. Supp. 1104 (D. Or. 1996); *Dougherty v. Crabtree*, 812 F. Supp. 1089 (D. Or. 1991), *aff'd*, 981 F.2d 1258 (9th Cir. 1992). However, Mr. Scott's reliance on these cases is misplaced because none of the cited cases relied solely upon the potential for immediate relief to support a finding that exhaustion of administrative remedies would be futile. Instead, in each case, the potential for immediate relief was coupled with the fact that exhaustion of administrative remedies would not provide the relief sought. *See Pimentel*, 367 F. Supp.2d at 372 (exhaustion would be futile because administrative challenge invariably would be denied); *Buggs*, 32 F. Supp.2d at 1217 (exhaustion would be futile because government had announced its disagreement with the petitioner's request for credit); *Hines*, 935 F. Supp. at 1107 (exhaustion would be futile because of BOP's continued position that the challenged program statement was valid and enforceable); *Dougherty*, 812 F. Supp. at 1091 (exhaustion would be futile because the petitioner had personally and through counsel initiated formal requests for sentence credit and been denied). Mr. Scott does not allege, and there is no indication in the file, that the sentence credit he seeks is not available to him through the BOP administrative remedy program.

Finally, the Court will address Mr. Scott's contention that the exhaustion requirement should be waived because exhausting administrative remedies takes a significant amount of time. This argument supports a finding that exhaustion would be futile only if the Court assumes that exhaustion of administrative remedies would, in fact, be futile. In other words, if Mr. Scott is entitled to the relief he is seeking in this action, there is no reason to believe that relief would not be granted through the

3

administrative remedy procedure. There also is no reason to believe that administrative relief necessarily would take longer than relief through the courts. The fact that Mr. Scott now has lost some of the time available to him by choosing to seek judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion. Otherwise, a prisoner could avoid exhausting administrative remedies simply by waiting until it was possible to obtain immediate release and then proceeding to federal court and arguing that exhaustion would be futile.

For all of these reasons, the Court finds that Mr. Scott fails to demonstrate that exhaustion of administrative remedies would be futile. The instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-02528-BNB

Derrick Scott
Reg. No. 12640-073
FCI - Florence
PO Box 6000 - Unit Mesa-A
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/7/08

GREGORY C. LANGHAM, CLERK

By: _____Angie_____
Deputy Clerk