IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02528-ZLW

DERRICK SCOTT,

　　Applicant,

v.

J. M. WILNER,

　　Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2008

GREGORY C. LANGHAM
　　　　　　　　　　CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Derrick Scott is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution at Florence, Colorado. Mr. Scott has filed *pro se* on February 14, 2008, "Applicant's Motion to Alter or Amend February 7, 2008[,] Order." Mr. Scott asks the Court to reconsider and vacate the Court's Order of Dismissal filed in this action on February 7, 2008. The Court must construe the motion liberally because Mr. Scott is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Scott filed his motion to reconsider within ten days after the Court's

Order of Dismissal. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice for failure to exhaust administrative remedies. The Court specifically rejected Mr. Scott's arguments that the exhaustion requirement should be excused either because exhaustion of administrative remedies would be futile or because exhausting administrative remedies would take too long. Mr. Scott argues in his motion to reconsider that the Court either misunderstood or overlooked cases cited in support of his argument that the exhaustion requirement should be excused because the administrative remedy procedure takes too long.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Scott fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Scott does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court has addressed and rejected Mr. Scott's argument that the exhaustion requirement should be excused because he believes that the administrative remedy procedure will take too long. A motion to reconsider is not a new opportunity to revisit issues that already have been addressed. *See id.* Therefore, the motion to reconsider will be denied. Accordingly, it is

2

ORDERED that "Applicant's Motion to Alter or Amend February 7, 2008[,] Order" filed on February 14, 2008, is denied.

DATED at Denver, Colorado, this 21 day of February, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02528-BNB

Derrick Scott
Reg. No. 12640-073
FCI - Florence
PO Box 6000 - Unit Mesa-A
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/27/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk